FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

SEP 2 2 2005

GREGORY C. LANGHAM
CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 05-cv-01213-OES

JEAN ANN WINGER, d.b.a. TABBY CAT RESCUE AND ADOPTION, INC. THORNTON,

    Plaintiff,

v.

MAYOR JOHN K. HICKENLOOPER,
CITY AND COUNTY OF DENVER,
JOHN COHEN, Neighborhood Inspection Services, City and County of Denver,
DOUG KELLEY, Supervisor, Animal Control, City and County of Denver,
AARON S. MCSPADDEN, Animal Control, City and County of Denver,
S. ROMERO, Animal Control, City and County of Denver,
EUGENE R. LOPEZ, Animal Control, City and County of Denver,
MR. RICHARDSON, Vetrinarian [sic] at Animal Control, City and County of Denver,
JERRY WHITMAN, Chief of Police, Denver Police Dept., City and County of Denver,
OFFICER TINNON, Denver Policeman, City and County of Denver,
STATE OF COLORADO DEPARTMENT OF AGRICULTURE,
MR. ROHR, Colorado State Vetrinarian [sic], Dept. of Agriculture, State of Colorado,
MR. MAULSBY, Colorado Assistant State Veterinarian, Dept. of Agriculture, State of
    Colorado,
DENVER DUMB FRIENDS LEAGUE,
BOB RODY, Executive Director, Denver Dumb Friends League,
BETSY, Denver Dumb Friends League,
CHANNEL 31,
C.E.O. OF CHANNEL 31,
SADIGHAN, INC., 8849 E. Mineral Pl., Englewood, CO 80112,
C.E.O. OF SADIGHAN, INC., owner of 2150-70 Franklin St. Apartments,
FULCHER [sic] AND CO. PROPERTY MANAGEMENT CO.,
RICH FULSCHER, Fulscher and Associates, LLC,
MANAGEMENT COMPANY OF 2150-2170 FRANKLIN ST. APARTMENT,
SCOTT TAYLOR, Manager of 2150-2170 Franklin St. Apartments,
COLORADO APARTMENT ASSOCIATION, INC.,
C.E.O. OF COLORADO APARTMENT ASSOCIATION, and
OTHERS WHO MAY HAVE BEEN INVOLVED IN COLLABORATION WITH OR
    CONSPIRACY WITH ANY AND ALL GOVERNMENT ENTITY OR
    CORPORATION OR NON-PROFIT OR INDIVIDUALS WORKING OR
    VOLUNTEERING AT ANY INVOLVED PARTIES (TO BE DETERMINED),

    Defendants.

## ORDER DIRECTING PLAINTIFF TO FILE SECOND AMENDED COMPLAINT

Plaintiff Jean Ann Winger, doing business as Tabby Cat Rescue and Adoption, Inc., filed **pro se** an amended complaint pursuant to 42 U.S.C. § 1983 (2003) alleging that Defendants violated her rights under the United States Constitution. The Court must construe the amended complaint liberally because Ms. Winger is representing himself. See **Haines v. Kerner**, 404 U.S. 519, 520-21 (1972); **Hall v. Bellmon**, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be the **pro se** litigant's advocate. See **Hall**, 935 F.2d at 1110. For the reasons stated below, Ms. Winger will be ordered to file a second amended complaint.

The Court has reviewed the amended complaint and finds that it is deficient. Ms. Winger fails to allege clearly the Defendants she is suing. The Court has done its best to compile in the caption to this order a list of Defendants from the three pages of Defendants Ms. Winger provides with her amended complaint. However, listing the Defendants clearly in a caption without duplicating their names is Ms. Winger's job, not the Court's.

Ms. Winger claims that Denver law enforcement officers entered her home on June 18, 2004, without a search warrant; illegally searched her home; and seized forty cats, crates, and equipment for their care, and filed municipal charges against her for neglect of animals, failure to spay and neuter, failure to vaccinate, and failure to license thirty-eight cats. She appears to blame the allegedly illegal entry on Denver city employees. However, she fails to allege facts that demonstrate how each Defendant

2

personally participated in the asserted violation of her rights.

Personal participation is an essential allegation in a civil rights action. **See Bennett v. Passic**, 545 F.2d 1260, 1262-63 (10th Cir. 1976). To establish personal participation, Ms. Winger must show that each Defendant caused the deprivation of a federal right. **See Kentucky v. Graham**, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and each Defendant's participation, control or direction, or failure to supervise. **See Butler v. City of Norman**, 992 F.2d 1053, 1055 (10th Cir. 1993). A Defendant may not be held liable on a theory of respondeat superior merely because of his or her supervisory position. **See Pembaur v. City of Cincinnati**, 475 U.S. 469, 479 (1986); **McKee v. Heggy**, 703 F.2d 479, 483 (10th Cir. 1983).

Ms. Winger will be ordered to file a second amended complaint in which she names each Defendant she is suing in one caption without duplicating the names of Defendants and in which she alleges specific facts to demonstrate how each Defendant personally participated in the asserted constitutional violations. Ms. Winger is reminded that 42 U.S.C. § 1983 "provides a federal cause of action against any person who, acting under color of state law, deprives another of his federal rights." **Conn v. Gabbert**, 526 U.S. 286, 290 (1999). Therefore, Ms. Winger should name as Defendants in the second amended complaint the individuals she believes actually violated her rights. Accordingly, it is

ORDERED that Ms. Winger file **within thirty (30) days from the date of this order** a second amended complaint that complies with this order. It is

FURTHER ORDERED that the clerk of the court mail to Ms. Winger, together with a copy of this order, two copies of the following forms: Complaint. It is

FURTHER ORDERED that Ms. Winger submit sufficient copies of the second amended complaint to serve each named Defendant. It is

FURTHER ORDERED that if Ms. Winger fails within the time allowed to file an original and sufficient copies of a second amended complaint that complies with this order to the Court's satisfaction, the action will be dismissed without further notice.

DATED at Denver, Colorado, this 22 day of September, 2005.

BY THE COURT:

O. EDWARD SCHLATTER
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

## CERTIFICATE OF MAILING

Civil Action No. 05-cv-01213-OES

Jean Ann Winger
1670 Harrison Street
Denver, CO 80206

    I hereby certify that I have mailed a copy of the **ORDER and two copies of Complaint** to the above-named individuals on 9/22/05

GREGORY C. LANGHAM, CLERK

By: _____
       Deputy Clerk